J. E01004/14

2014 PA Super 289

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOSE VARGAS, | : | No. 1415 EDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, February 6, 2012,
in the Court of Common Pleas of Bucks County
Criminal Division at No. CP-09-CR-0001895-2011

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., BENDER, P.J.E., PANELLA, DONOHUE, ALLEN, LAZARUS, MUNDY AND OLSON, JJ.

CONCURRING STATEMENT BY FORD ELLIOTT, P.J.E.:**FILED DECEMBER 31, 2014**

I join in the Majority's decision but write separately to further support the reasoning of **Commonwealth v. Newman**.[1]  In **Newman**, which I authored for the **en banc** court, we determined that the mandatory minimum sentencing statute, 42 Pa.C.S.A. § 9712.1, was non-severable pursuant to the reasoning of **Alleyne**.

The prime impetus for this result is that without the enforcement arm of § 9712.1(c), trial courts were without a legislatively sanctioned procedure for determining how the predicate arm of § 9712.1(a) should be applied. Clearly, the intent of the Legislature in enacting such mandatory provisions

was to leave very little discretion with the trial courts in imposing sentence and to allow for a much lesser burden of proof and production on the Commonwealth. Following **Alleyne**, it is this sentencing structure itself that is no longer workable.

We took the position in **Newman** that following **Alleyne**, the continuing viability of several mandatory minimum statutes in this Commonwealth was in question and any remedial action was better left to the legislative process. The Legislature may well determine that the criminal offense statutes may more appropriately be amended to include the **Alleyne** aggravating factors or rewrite the mandatory sentencing statutes to meet constitutional requirements. What appears clear following **Alleyne** is that any factors required to be determined beyond a reasonable doubt by the fact-finder can no longer be considered "**sentencing factors**" within the rubric of such statutes as involved herein, but rather are elements which will aggravate the conviction of the offense itself. Just as the grading of offenses goes to the conviction and not to sentencing, so too such factors as possession of a firearm in close proximity to drugs or the amount of the contraband that the defendant is found in possession of[2] or dealing

---

[1] I respectfully recognize that the Majority's author did not join in this rationale but rather joined the Concurring Opinion in **Newman** that would have allowed for severance.

[2] I recognize that in this case appellant stipulated to the weight of the heroin; however, I agree with my learned colleague in dissent that the trial in this case was pre-**Alleyne** and that with the higher post-**Alleyne**

contraband in a school zone are now aggravating elements of the offense of possession and possession with the intent to deliver contraband. Hence, **Newman**'s determination that any remedial action is better left to the legislative process.

Judges Panella, Donohue, and Lazarus join this Concurring Statement.

---

standard of proof for the same fact, counsel may well have not entered into the stipulation. However, once the Legislature has an opportunity to decide on remedial action, I see no reason why stipulations and guilty pleas should not have the same effect as always on limiting the Commonwealth's burden of production and satisfying its burden of proof.